**DIAN HUA LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–5499–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

694

Gang Zhou, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division, U.S. Department of Justice, Stephen J. Flynn, Senior Litigation Counsel, Mary Jane Candaux, Senior Litigation, Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Dian Hua Lin, a citizen of the People's Republic of China, seeks review of a November 6, 2006 order of the BIA affirming the June 2, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dian Hua Lin,* No. A96 395 340 (BIA Nov. 6, 2006), *aff'g* No. A96 395 340 (Immig. Ct. N.Y. City June 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to 2 conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* the agency's legal conclusion that evidence presented in support of an asylum claim was insufficient to satisfy an applicant's burden of proof. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir. 2003).

Lin does not challenge the IJ's past persecution analysis. In addition, Lin's testimony and documentary evidence would not compel a reasonable adjudicator to overturn the IJ's finding that he failed to establish a well-founded fear of persecution on account of his sexual orientation. *See* 8 C.F.R. § 1208.13(b); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ determined that, based on background information in the record, "official harassment has declined and the national policy does not sanction punishment of individuals in China because of their sexual orientation." As such, the IJ concluded that, at most, Lin experienced "local hostility" and therefore could have avoided any harassment by relocating within China. Substantial evidence supports this finding. According to the 2004 Profile, although there is wide-

spread homophobia in China, "Chinese law no longer criminalizes homosexual acts or characterizes homosexuality as a psychological ailment." It further states that 7F"[s]poradic instances of police harassment of homosexual citizens probably reflect traditional social taboos and homophobia rather than systematic official harassment." Accordingly, there is no error in the IJ's finding that Lin failed to establish eligibility for asylum because he did not supply sufficient evidence to establish an objectively reasonable fear of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii)(A).

Because the IJ correctly determined that Lin failed to meet his burden in establishing eligibility for asylum, denial of the withholding of removal claim, which was based on the factual predicate and required a higher burden of proof, was also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Lin does not argue his CAT claim in his petition for review to this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.